■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESA DEJESUS, True Name CESAR DEJESUS, Appellant. [691

NYS2d 29] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered November 21, 1996, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, kidnapping in the first degree, kidnapping in the second degree, sodomy in the first degree and criminal use of a firearm in the first degree, and sentencing him to consecutive terms of 25 years to life on the murder conviction, 8⅓ to 25 years on the attempted murder conviction and 3 to 9 years on the sodomy conviction, to run concurrently with terms of 25 years to life on the first-degree kidnapping conviction, 8⅓ to 25 years on the second-degree kidnapping conviction and 10 to 25 years on the criminal use of a firearm conviction, unanimously affirmed.

The court properly exercised its discretion when it refused defendant's request to charge the jury that it could consider, with respect to credibility, a police officer's invocation of his Fifth Amendment privilege on cross-examination concerning a collateral matter, and instead instructed the jury to draw no inference from that fact (*see, People v Siegel*, 87 NY2d 536, 544-545; *see also, People v Thomas*, 51 NY2d 466, 472). The allegation against the officer arose more than one year after the crimes charged herein, had no bearing on the subject matter of the officer's direct testimony, and was only relevant to general credibility. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.

We perceive no abuse of discretion in sentencing. Concur—Ellerin, P. J., Tom, Lerner, Buckley and Friedman, JJ.